CHAISSON, J.
*1273 In this succession proceeding, appellant, Rotem Dahan, seeks review of the trial court's April 26, 2017 judgment that granted the petition for possession filed by Deborah Bennett Dahan, the surviving spouse of the decedent. For the reasons set forth herein, we affirm the judgment of the trial court.
STATEMENT OF THE CASE
The decedent, Haim Dahan, died on September 22, 2014, while domiciled in Jefferson Parish. Prior to his death, the decedent had executed two wills. In the first will that was executed in Israel on October 18, 2013, the decedent left his estate to Rotem Dahan and Pazit Dahan (Kleinplatz), his two children from his first marriage to Claudine Elbaz, from whom he was judicially divorced. Thereafter, the decedent executed a second will in Jefferson Parish on August 29, 2014, and left his entire estate to his surviving spouse, Deborah Dahan, and appointed her as testamentary independent executrix of his estate.
On December 10, 2014, Deborah Dahan, Rotem Dahan, and Pazit Kleinplatz (represented by Rotem Dahan) jointly filed a "Petition to File and Execute Notarial Will and to Confirm Independent Co-Executors." In the petition, the parties acknowledged the existence of the two wills and submitted both of them to the trial court. With regard to the Louisiana will, the petitioners affirmed that it was executed in notarial form in accordance with the provisions of La. C.C. art. 1579, and they requested that the 2014 Louisiana will be filed and executed in accordance with law. With regard to the 2013 Israeli will, the petitioners stated that they "may produce evidence at a later time that proves the validity of the Israeli Will in accordance with Louisiana Civil Code Article 2888."
In light of the verified petition to file and execute the notarial will, the trial court signed an order directing that the August 29, 2014 Louisiana will be filed and executed according to law, thereby having the effect of probate. The trial court further authorized an independent administration of the estate and confirmed the appointment of Deborah Dahan and Rotem Dahan as the independent co-executors of the succession.
During the course of the proceedings, certain creditors of the decedent filed claims into the record to protect their interests in the estate's assets. On March 14, 2016, Whitney Bank, one of the creditors of the succession, filed a "Motion to Require Independent Administrator to Provide Annual Account and to Provide Bond." On May 3, 2016, pursuant to an agreement between the parties, the trial court ordered that the "co-independent administrators" provide an accounting showing a list of all assets owned and liabilities owed by the succession.[1]
On January 10, 2017, Deborah Dahan filed a "Petition for Possession with Request for Motion for Hearing." Along with the petition for possession, Deborah Dahan filed a "Sworn Descriptive List of Assets and Liabilities" of the estate of Haim Dahan. On April 17, 2017, Rotem Dahan filed an "Opposition to Petition/Motion for Possession," noting several unresolved matters that precluded the granting of Deborah Dahan's petition for possession.
*1274 On April 25, 2017, the trial court conducted a hearing on Deborah Dahan's petition for possession. No witnesses were called, nor were any exhibits introduced; rather, the attorneys presented their arguments to the court. The attorney for Deborah Dahan maintained that the Louisiana will had already been probated and that Rotem Dahan had ample time to challenge the validity of the will but had failed to do so; therefore, Deborah Dahan, the sole legatee, should be placed into possession in accordance with the probated will.
In opposition to the petition, the attorney for Rotem Dahan asserted that there were numerous unresolved matters, some of which still required discovery, and thus, a judgment of possession was not appropriate at that time. Rotem Dahan particularly noted that there had been no factual determination as to which of the two conflicting wills was valid, that the assets and liabilities of the succession had not been sufficiently identified by Deborah Dahan as ordered by the trial court, that the status of the creditors of the succession was unknown as Deborah Dahan had been involved in bankruptcy proceedings, and that Deborah Dahan and the decedent possibly established a separate property regime.
On April 26, 2017, the trial court granted Deborah Dahan's petition and placed her into possession of "one-half of the Estate of Haim Dahan as her community property; and of the remaining assets of the succession, as set forth in the probated August 29, 2014 Will of the decedent." Rotem Dahan now appeals.
In his first assignment of error, Rotem Dahan asserts:
The Trial Court erred in putting co-executor Deborah Dahan into possession of all estate assets based on the Original Administration filed on December 10, 2014 which identified the competing interests in the estate as affied by both Deborah Dahan and Rotem Dahan.
In this assignment, Rotem Dahan points out that two wills with competing interests were initially presented to the trial court on December 10, 2014; however, there has been no determination by the trial court as to which will is valid. He maintains that until such a determination is made after a trial on the merits, it is inappropriate for the trial court to place either party, including Deborah Dahan, into possession of the estate assets. In support of his argument, Rotem Dahan cites to La. C.C.P. art. 2901, which provides as follows:
If an objection is made to the ex parte probate of a testament, as provided in Article 2881, the testament may be probated only at a contradictory trial of the matter. If only an oral objection is made to the ex parte probate, the court shall allow the opponent a reasonable delay, not exceeding ten days, to file his opposition.
We note that this article does not support Rotem Dahan's argument and is not applicable to the instant situation. Rotem Dahan actually joined in the petition to probate the Louisiana will, and a review of the petition fails to show any form of objection to the probate of the Louisiana will. Further, there is no indication in the petition that Rotem Dahan reserved his right to challenge the validity of the Louisiana will at a later point. Rather, the petition to file and execute the notarial will states: "Petitioners submit the Israeli Will to the Court and may produce evidence at a later time that proves the validity of the Israeli Will in accordance with Louisiana Civil Code Article 2888."[2]
*1275 However, even assuming that Rotem Dahan lodged a valid objection to the probate of the Louisiana will, he failed to present any evidence to show the invalidity of the Louisiana will when afforded the opportunity to do so at the hearing on the petition for possession. No witnesses were called and no exhibits were introduced. We note that Rotem Dahan did attach some exhibits to his opposition to the petition for possession, including a doctor's note, dated August 29, 2014, indicating that Haim Dahan was undergoing treatment for a brain tumor, that his neurologic status was worsening, and that he could not participate in any trials, depositions, or legal matters. However, none of the attached exhibits, including the doctor's note, show that the Louisiana will was invalid or that Haim Dahan was incompetent for purposes of executing the will.
Based on the foregoing, we find no merit to Rotem Dahan's argument that the trial court erred in granting the judgment of possession absent a factual determination as to which will is valid after a trial on the merits.
In his second assignment of error, Rotem Dahan asserts:
The Trial Court erred in putting co-executor Deborah Dahan into possession of all estate assets as it was contrary to the evidence provided and the face of the initial Petition as verified by Co-Executor Deborah Dahan.
In his argument on this assignment, Rotem Dahan alleges that the trial court failed to make a determination on the record as required by La. C.C.P. art. 3061[3] that the petitioner was entitled to the relief prayed for. He notes that both parties identified the competing interests in the two wills, and yet, the court never addressed that issue; therefore, the record does not support the entry of the judgment of possession. Rotem Dahan further asserts that the pleadings filed and affied to by Deborah Dahan are factually inconsistent and cannot possibly support the judgment of possession.
La. C.C.P. art. 3061 provides:
The court shall render and sign immediately a judgment of possession, if it finds from an examination of the petition for possession, and from the record of the proceeding, that the petitioners are entitled to the relief prayed for.
Contrary to Rotem Dahan's assertion, the petition for possession and the record of the proceedings support the trial court's determination that Deborah Dahan was entitled to the relief prayed for. Although both parties acknowledged the existence of the Israeli will, they also jointly requested the probate of the Louisiana will. The 2014 Louisiana will expressly revoked all previous wills and codicils and was further executed in accordance with the requirements for a notarial will. Throughout the course of the proceedings, Rotem Dahan offered absolutely no evidence to suggest that the Louisiana will was invalid or that Haim Dahan was incompetent at the time he executed the will. Moreover, even though the parties submitted in the initial petition that there may be evidence produced to support the validity of the Israeli will, no such evidence was ever produced or presented to the court. Thus, based on the record presented to the trial court and the lack of any evidence to suggest that the Louisiana will was invalid, we find that the trial court was within its authority pursuant to La. C.C.P. art. 3061 to render judgment in favor of Deborah Dahan. Thus, this second assignment of error also lacks merit.
*1276 In addition to his two specified assignments of error, Rotem Dahan sets forth several other reasons why the judgment of possession was inappropriate. He notes that the assets and liabilities of the succession have not been sufficiently identified by Deborah Dahan as ordered by the trial court and that the status of the creditors is unknown as Deborah Dahan had been involved in bankruptcy proceedings. As Deborah Dahan is the sole heir and there has been no evidence produced to suggest that the Louisiana will is invalid, we find that these alleged unresolved issues are of no consequence to the trial court's entry of the judgment of possession.[4]
Rotem Dahan also suggests that the entry of the judgment of possession was premature because of the possibility of the existence of a separate property regime between Deborah Dahan and the decedent. Other than this general allegation, Rotem Dahan has presented absolutely no evidence to suggest that a separate property agreement existed between the parties.
DECREE
For the reasons set forth herein, the judgment of the trial court granting Deborah Dahan's "Petition for Possession with Request for Motion for Hearing" is hereby affirmed.
AFFIRMED

The judgment, which was rendered on May 3, 2016, but signed on May 12, 2016, specifically directed Rotem Dahan to provide a list of all income and expenses associated with the CPNC licenses and Deborah Dahan to provide a list of all assets and liabilities with regard to the remaining assets of the succession. The judgment also noted that Whitney's request for bond was withdrawn, without prejudice.

We note that, absent a finding that the subsequently executed Louisiana will is invalid, the validity or invalidity of the previously executed Israeli will is of no consequence.

We note that both Rotem Dahan and Deborah Dahan in their appellate briefs incorrectly cite the quoted codal article as La. C.C.P. art. 3601, instead of La. C.C.P. art. 3061.

La. C.C. art. 961 states: "Acceptance obligates the successor to pay estate debts in accordance with the provisions of this Title and other applicable laws."